**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1351-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL J. SMITH,

    Defendant-Appellant.

_____

        Submitted March 1, 2017 — Decided March 17, 2017

        Before Judges Simonelli and Carroll.

        On appeal from the Superior Court of New
        Jersey, Law Division, Burlington County,
        Indictment No. 11-09-1145.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Alison Perrone, Designated
        Counsel, on the brief).

        Robert D. Bernardi, Burlington County
        Prosecutor, attorney for respondent (Jennifer
        Paszkiewicz, Assistant Prosecutor, of
        counsel; Boris Moczula, on the brief).

PER CURIAM

    Defendant Daniel Smith appeals from the August 28, 2014 Law
Division order, which denied his petition for post-conviction
relief (PCR) without an evidentiary hearing. We affirm.

We derive the following facts from the record. A grand jury indicted defendant for second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) (count two); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three); second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(c)(4) (count four); third-degree attempted endangering the welfare of a child, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:24-4(a) (count five). The charges stemmed from defendant's sexual assault of a fourteen-year-old minor male, T.M., who defendant had perform fellatio on him.

On November 27, 2012, defendant pled guilty to count one in exchange for the State's agreement to recommend a seven-year term of imprisonment with no period of parole ineligibility and dismiss the remaining charges. At the plea hearing, defendant acknowledged that he faced up to ten years in prison if convicted of the offense. Defendant also acknowledged that Megan's Law applied to his conviction; he would be required to register as a sex offender; he would be subject to parole supervision for life; and he could be subject to civil commitment at the conclusion of his sentence if deemed to be a sexual offender who had not rehabilitated.

At sentencing on March 20, 2013, the trial judge found three aggravating factors: N.J.S.A. 2C:44-1(a)(3),"[t]he risk that the

defendant will commit another offense;" <u>N.J.S.A.</u> 2C:44-1(a)(6), "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted;" and <u>N.J.S.A.</u> 2C:44-1(a)(9), "[t]he need for deterring the defendant and others from violating the law." The judge found one mitigating factor: <u>N.J.S.A.</u> 2C:44-1(b)(11), "[t]he imprisonment of the defendant would entail excessive hardship to himself or his dependents[.]" The judge sentenced defendant in accordance with the plea agreement.

Defendant did not appeal. Instead, on September 23, 2013, he filed a pro se PCR petition, arguing, in part, that defense counsel rendered ineffective assistance at sentencing by failing to investigate and request the following mitigating factors:

> (2) "[t]he defendant did not contemplate that his conduct would cause or threaten serious harm;"
>
> (4) "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense;"
>
> (5) "[t]he victim of the defendant's conduct induced or facilitated its commission;"
>
> (7) "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense;"
>
> (8) "[t]he defendant's conduct was the result of circumstances unlikely to recur;" and

(9), "[t]he character and attitude of the defendant indicate that he is unlikely to commit another offense[.]"[1]

[N.J.S.A. 2C:44-1(b)(2), (4), (5), (7)-(9).]

In an August 28, 2014 written opinion, the PCR judge denied the petition. The judge found the petition was procedurally barred by Rule 3:22-4(a), as defendant should have challenged his sentence on direct appeal. Addressing the merits, the judge found that none of the mitigating factors applied for the following reasons:

> N.J.S.A. 2C:44-1(b)(2): the fact that T.M. was not forced to perform a sexual act was irrelevant, and defendant knew T.M. was underage before the sexual encounter began;
>
> N.J.S.A. 2C:44-1(b)(4) and (5): although T.M. posted an ad on Craig's list posing as an eighteen-year-old male, defendant had reservations because he referred to T.M. as a "kid" and continued asking T.M. his age. Defendant's conduct was not excused even if he was misled as to T.M.'s real age. T.M. did not induce the crime's commissions. Defendant knew T.M. was underage. Defendant's conduct could not be induced by T.M. because the law is clear that T.M. could not have consented, as a matter of law, to defendant's actions;
>
> N.J.S.A. 2C:44-1(b)(7): defendant has a history of contact with the criminal justice system and was released from federal prison on federal charges less than six months prior to committing the present offense. Defendant is not a first-time offender or a person who has not sustained a conviction in a

---

[1] Defendant also argued that counsel failed to request mitigating factor N.J.S.A. 2C:44-1(b)(11), but the court found that mitigating factor.

A-1351-14T2

substantial amount of time prior to the present offense. Defendant has 2001 and 2003 disorderly persons convictions and was convicted in federal court in 2009;

N.J.S.A. 2C:44-1(b)(8): after the first sexual encounter with T.M., defendant reached out to T.M. for a second meeting. Absent his arrest, that second meeting would likely have occurred; and

N.J.S.A. 2C:44-1(b)(9): there was no evidence of defendant's character and attitude to show he was unlikely to commit another offense. Although defendant contended that he would be able to secure employment upon his release from prison, this alone would not have supported a finding of this mitigating factor. Defendant had not taken responsibility for his actions. During his interview with the police, he changed his story after originally maintaining that he rejected advances by T.M.

On appeal, defendant raises the following contentions:

POINT I

POST-CONVICTION RELIEF IS NOT PROCEDURALLY BARRED BY RULE 3:22-4.

POINT II

DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a

determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013); State v. Preciose, 129 N.J. 451, 462-63 (1992). To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. An attorney's representation is deficient when it [falls] below an objective standard of reasonableness.
>
> Second, a defendant must show that the deficient performance prejudiced the defense. A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a fair trial. The prejudice standard is met if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability simply means a probability sufficient to undermine confidence in the outcome of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted).]

With respect to a guilty plea, our Supreme Court has explained that

> [t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not within the range of competence demanded

of attorneys in criminal cases; and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.

[State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alterations in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).]

We agree with defendant that his claim of ineffective assistance of counsel at sentencing was not procedurally barred by Rule 3:22-4. We generally adhere to the practice of deferring claims of ineffective assistance of counsel to post-conviction relief proceedings. State v. Castagna, 187 N.J. 293, 316 (2006). Nevertheless, we have considered defendant's contention in Point II in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the PCR judge in her well-reasoned written opinion. Even if counsel had requested the mitigating factors defendant stated in his PCR petition, none of them are supported by the record. State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Dalziel, 182 N.J. 494, 505 (2005); State v. Roth, 95 N.J. 334, 356-64 (1984).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1351-14T2